IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33050-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| NICOLE R. BASHAW, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Nicole Bashaw appeals the trial court's imposition of legal financial obligations (LFOs). We exercise our discretion and decline to review this claimed error because Ms. Bashaw did not preserve it with an objection below.

## FACTS

The trial court found Ms. Bashaw guilty of vehicular assault. It then imposed a sentence that included a $500 fine, a $100 victim's fund assessment, and a $200 filing fee. Ms. Bashaw did not object below to the imposition of these LFOs.

## ANALYSIS

For the first time on appeal, Ms. Bashaw argues the trial court erred when it imposed the LFOs without first inquiring of her present or future ability to pay. She

acknowledges she failed to object below. She argues we should accept review of this claimed error because to do so would be consistent with *State v. Blazina*, 182 Wn.2d 827, 839, 344 P.3d 680 (2015).

Whenever a person is convicted in superior court, the court may order the payment of LFOs as part of the sentence. RCW 9.94A.760. Among the financial obligations a court may impose are certain costs, including expenses, specially incurred by the State in prosecuting the defendant. RCW 10.01.160(1), (2). By statute, the court is not authorized to impose such costs and expenses unless the defendant is or will be able to pay them. RCW 10.01.160(3). Because costs under RCW 10.01.160 are not mandatory, we refer to them as "discretionary" LFOs.

The *Blazina* court held that trial courts must make an individualized inquiry of each defendant's present and future ability to pay prior to imposing discretionary LFOs. *Blazina*, 182 Wn.2d at 838. The *Blazina* court further held that appellate courts have discretion whether to review unpreserved claims of LFO errors. *Id.* at 834-35.

In exercising discretion, this author has adopted an approach that weighs the likely cost and benefit of holding a resentencing hearing. *See State v. Arredondo*, 190 Wn. App. 512, 538, 360 P.3d 920 (2015), *review granted*, 185 Wn.2d 1024, 369 P.3d 502 (2016). Important in this consideration is the dollar amount of discretionary LFOs imposed. *Id.*

2

No. 33050-8-III
*State v. Bashaw*

Here, the trial court ordered Ms. Bashaw to pay a $500 fine, a $100 victim assessment, and a $200 filing fee. First, criminal fines are authorized by RCW 7.68.035, not RCW 10.01.160(3), and are thus not subject to *Blazina*'s requirement of an individual inquiry. *See State v. Clark*, 191 Wn. App. 369, 375-76, 362 P.3d 309 (2015). Second, the legislature has specifically directed imposition of certain costs, including victim assessments and filing fees, without regard to a defendant's ability to pay. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). Because the trial court did not impose any LFOs that require an individualized inquiry into Ms. Bashaw's ability to pay, we decline to review the unpreserved claim of LFO error.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Siddoway, J.                    Pennell, J.

3